UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO JACOBO GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>FISHER,<br><br>    Respondent. | Case No. 1:19-cv-01731-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO COMPLY WITH STATUTE OF LIMITATIONS<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1 |

Petitioner Armando Jacobo Gonzalez, a state prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On January 14, 2020, we ordered petitioner to show cause why his petition should not be dismissed as untimely. ECF No. 9. The time for filing a response to the order to show cause has passed and petitioner has failed to do so.

Under Rule 4 of the Rules Governing Section 2254 Cases, we have "an active role in summarily disposing of facially defective habeas petitions" and we may dismiss claims at screening for "easily identifiable" procedural defects. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Moreover, we may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

Absent any statutory or equitable tolling, a one-year statute of limitations period for filing federal habeas petitions starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, petitioner filed his federal habeas petition over two years after his underlying judgment became final by the conclusion of direct review. *See* ECF No. 9 at 2. Petitioner did not present any arguments or evidence supporting statutory or equitable tolling. Therefore, we recommend that the petition be dismissed as untimely.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant dismiss this case as untimely. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. Any such objections must be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 17, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.