UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO JACOBO GONZALEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>FISHER,<br><br>　　　　　　　Respondent. | No. 1:19-cv-01731-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>(Doc. No. 11) |

　　　　Petitioner Armando Jacobo Gonzalez, a state prisoner proceeding in this action without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 18, 2020, after issuing an order requiring petitioner to show cause in writing why the petition should not be dismissed as untimely filed (Doc. No. 9), to which no response was filed by petitioner, the assigned magistrate judge issued findings and recommendations recommending the petition be dismissed as untimely filed. (Doc. No. 11.) The findings and recommendations were served on petitioner and contained notice that objections were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner failed to do so.

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

1

court finds the findings and recommendations to be supported by the record and proper analysis.

Here, although the petition indicates that petitioner's direct appeal became final in "2018", a search of the docket from the California Supreme Court case number provided, S242837, reveals that the relevant direct appeal became final on August 30, 2017. As a result, this petition, filed more than two years later, is untimely absent a showing that equitable tolling should apply. *See* 28 U.S.C. § 2244(d). No such showing is apparent from the face of the petition, nor has petitioner provided any grounds for equitable tolling in any other document.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 18, 2020 (Doc. No. 11) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed as time–barred;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 17, 2020**

UNITED STATES DISTRICT JUDGE